## HENRY H. STOTESBURY *vs.* GEORGE VAIL.

A parol surrender of demised premises, although invalid at law by reason of the statute of frauds, will be sustained in equity when consummated by a delivery of the counterpart of the lease, the key of the dwelling, and the possession of the premises to the landlord.

In such case the court will enjoin the collection of the after accruing rent.

When the ends of justice require it, the injunction will be continued to the hearing.

If the defendant is absent from the country, his oath to the answer must be taken under a commission.

Affidavits annexed to an answer need not be taken on notice, nor is it necessary to serve copies, unless in special cases, under the rules of the court.

*Chandler*, for motion.

*Little*, contra.

THE CHANCELLOR. The injunction in this case issued to restrain the defendant from proceeding at law to recover rent upon a lease made by the defendant to the complainant. The material charges of the bill are, that Vail leased to Stotesbury a house, garden, and pleasure grounds at Speedwell for four years from the first of

April, 1857, at a yearly rent of $500, payable quarterly; that prior to the first of April, 1859, the lessee agreed, with the agent of the lessor, to surrender the premises on that day; that the counterpart of the lease held by the lessee was, together with the key of the house, delivered to a relative of the lessor, and the possession of the premises given up by the lessee in pursuance of the agreement; that the premises were entered upon by the agent of the lessor, repairs made, and the premises leased to another tenant. The complainant insists that, the surrender not being valid at law, he is entitled in equity to be relieved from the payment from and after the 1st of April, 1859, when the possession of the premises was given up by him to the lessor. The defendant, having answered the bill, asks a dissolution of the injunction.

One of the grounds of defence relied upon in the answer is, that the bill is filed in violation of the tenth section of the act for the prevention of frauds and perjuries, with the intent to evade the provision of the statute, and to deprive the defendant of his rights under the same. The provision of the statute referred to is, that no lease, estate, interest, or term of years shall be assigned, granted, or surrendered, unless it be by deed or note in writing. *Nix. Dig.* 330, § 10. And it is insisted that, inasmuch as no surrender in writing has been made, a court of equity will not sustain the validity of the surrender, and thus violate the express provision of the statute.

"It is obvious," says Mr. Justice Story, "that courts of equity are bound as much as courts of law by the provisions of this statute, and therefore are not at liberty to disregard them." They interfere in cases within the reach of the statute, not upon any notion of a right to dispense with it, but for the purpose of administering equities subservient to its objects or collateral to it or independent of it. 1 *Story's Eq. Jur.* § 754.

Courts of equity will enforce the specific performance of a contract within the statute where the parol agree-

ment has been partly carried into execution. 1 *Fonb. Eq.*, *book* 1, *ch.* 3, § 8 ; 2 *Story's Eq. Jur.* § 759 ; *Fry on Spec. Perform.* § 383, 388.

The distinct ground upon which courts of equity interfere in such cases is to prevent the perpetration of a fraud. " Courts of equity, in dealing with the entire subject of contracts within the statute of frauds, introduce a principle beyond the province of a court of law to regard. Where, upon the faith of a verbal contract for an interest in land, a party has entered and incurred expenses and improved the premises, they will, as a general rule, enforce the contract against the other party on grounds of equity and conscience and to prevent what would be in the nature of a fraud." *Browne on. Stat. of Frauds* § 31; *Hall* v. *Chaffee*, 13 *Verm. R.* 150.

The doctrine applies as well to cases ·arising under the 10th section of the statute as under any other of its provisions. When the tenant enters into a parol agreement with his landlord to make a surrender of the demised premises, and in pursuance of the agreement provides another residence, abandons possession of the premises, delivers his counterpart of the lease and the key of the dwelling to his landlord, giving him the entire control, it would be most inequitable to permit the landlord to recover rent from the lessee upon the ground that the surrender was not made in writing in pursuance of the statute of frauds. It is clearly within the province of a court of equity, by its interference, to prevent such injustice. In *Natchbolt* v. *Porter*, 2 *Vernon* 112, it was held that where a lessee for years, having agreed with his lessor to surrender his lease, delivers up the key, which the lessor accepts, but afterwards refuses to take the surrender of the lease, the lessee should be discharged of the rent. The case is a remarkable one, from the fact that there was a recovery by the reversioner against the original lessee for the rent. His executor thereupon brought his bill against Porter, the assignee of the term, to be

reimbursed according to his covenant of indemnity on the assignment. Porter, who was not a party to the bill against his assignor, by his answer set forth the agreement with the reversioner to surrender the term, the delivery of the key, and his acceptance of it, and therefore insisted that he ought not to be charged; and the court, upon the hearing of the cause, was of opinion that the agreement was well proved and a good discharge, and Porter not liable to answer any rent after that time.

The objection to the bill is not well taken. If the case made by it is sustained by evidence the complainant is clearly entitled to relief.

The second ground for dissolving the injunction is, that the equity of the bill is denied by the answer. Some of the material allegations of the bill are fully denied by the affidavit of the attorney and agent of the defendant, who had the management and control of the business on behalf of the defendant. But it is not denied that there were negotiations between the lessee and the attorney of the lessor for a surrender of the premises on the 1st of April, 1859; that after such negotiation the lessee purchased a residence, and prepared to remove upon the 1st of April; that soon after the 1st of April he left the premises, and delivered his counterpart of the lease, together with the key of the house, to a friend and relative of the lessor, who, to some extent at least, acted as his agent; and that from that time the lessee ceased to occupy the premises, and exercised no control over them. There is no suggestion in the answer of any want of good faith on the part of the lessee in these transactions, nor of any fraudulent combination between himself and the party to whom he surrendered the lease and the key as the agent of the lessor; nor does any intimation appear to have been given to the lessee of any want of authority in the supposed agent to accept the surrender or of any intention to hold the lessee liable upon his covenants in the lease. Under these circumstances, I deem it a proper

case to continue the injunction until the case can be heard upon the merits.

Even where the equity of the bill is fully denied by the answer, the continuance of the injunction till the final hearing is a matter resting in the sound discretion of the court. In this case the ends of justice will be better answered by its continuance. *Chetwood* v. *Brittan*, 1 *Green's Ch. R.* 439; *Greenin* v. *Hoey*, 1 *Stockt.* 137; *Furman* v. *Clark*, 3 *Stockt.* 135.

I adopt this course the more readily, inasmuch as, upon a formal ground urged upon the hearing, the motion to dissolve the injunction must necessarily have been denied. At the time of filing the answer the defendant was abroad, and the answer was not sworn to by him. It was verified simply by the affidavits of the agent and friend of the defendant, who were cognizant of the material facts. This is not sufficient. The complainant is entitled to the benefit of the defendant's own oath. If he is absent from the country, it may be taken under a commission. *Trumbull* v. *Gibbon*, *Halst. Dig.* 225; 2 *Daniels' Ch. Pr.* 844, 857; *Read* v. *Consequa*, 4 *Wash. C. C. R.* 335.

I am aware of no case where an answer not sworn to by the defendant himself has been received after objection. Where no answer is put in, the case may be heard upon affidavits taken upon two days' notice, which the adverse party may rebut by counter affidavits. *Rule IX*, § 3. This course was not adopted in the present case.

The objection, that the affidavits annexed to the answer are inadmissible on the ground that copies of the affidavits were not served upon the adverse party, is not well taken. Affidavits annexed to a bill or answer are not required to be taken upon notice, nor are copies of such affidavits to be served, except where specially required by the rules of the court.

Since the argument of the cause, the court has been furnished by the complainant's solicitor with an affidavit of the defendant verifying such facts stated in the answer

as are within his knowledge. If this were the only diffi-
culty in the cause, I should be disposed, notwithstanding
the irregularity, to permit the answer to be verified by
the oath of the defendant. But it would not, under the
circumstances, vary the conclusion at which I have arrived
in regard to the disposition of the case.

The motion to dissolve must be denied with costs, and
the injunction continued till the final hearing.